UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.Y., a minor, by and through his mother and father, James and Lori Yorkavitz, ) ) ) Plaintiff, ) ) ) v. ) ) GRAND RIVER ACADEMY, et al., ) ) Defendants. ) | CASE NO. 1: 09 CV 2884 JUDGE DONALD C. NUGENT MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon a Motion to Dismiss filed by Defendants Grand River Academy and Randy Blum. (ECF # 13.) For the reasons set forth below, Defendants' Motion is DENIED.

## I. BACKGROUND

On December 14, 2009, Plaintiff a Complaint against Defendants Grand River Academy ("Grand River") and its Head Master, Randy Blum.[1] Plaintiff alleges, *inter alia*, that he "has been diagnosed with Asperger's Syndrome, a form of autism which interferes with his learning." (ECF # 1 at ¶ 12.) Plaintiff describes Asperger's Syndrome as being "characterized by poor social interactions, [an] inability to make friends and to recognize social cues, [an] inability to withstand loud noises, bright lights or transitions and [an] inability to shift focus from one subject to another." (*Id.*) Plaintiff claims that, despite Defendants' awareness of his disability,

---

[1] Plaintiff likewise filed the Complaint against Defendants Buckeye Local School District Board of Education, Dennis Honkala and Charles Vrabel (collectively the "Buckeye Defendants"). Counts I, II and IV of the Complaint were brought against one or all of the Buckeye Defendants, and not against Defendants Grand River and Randy Blum. (*See* ECF # 1 at ¶¶ 54-61, ¶¶ 66-69.) On February 11, 2010, the Buckeye Defendants were dismissed without prejudice. (ECF # 9.) Accordingly, the sole remaining count in this case is Count III, against Defendants Grand River and Randy Blum. (ECF # 1 at ¶¶ 62-65.)

Defendants failed to provide accommodations for him while he was student at Giver River. (*Id.* at ¶ 44.) Plaintiff likewise claims that Defendants discriminated against him because of his disability. (*Id.*)

In the Complaint, Plaintiff asserts that the alleged discrimination included treating him "more harshly than other similarly-situated non-disabled students when it came to discipline." (*Id.*) The Complaint describes Plaintiff's experience at Grand River as follows:

> [Plaintiff] was bullied and harassed at Grand River by his peers, including being physically assaulted on several occasions, one such instance resulting in [Plaintiff] becoming so depressed that he threatened to harm himself. Defendants Grand River and Blum not only ignored the bullying, telling [Plaintiff's] parents that the school had its own informal disciplinary system in which the upper-classmen punished or hazed younger students while the administration looked the other way, but actually failed to get [Plaintiff] proper medical attention and then disciplined [Plaintiff] for assaults and other forms of harassment and bullying visited upon [Plaintiff] by other students. [Plaintiff] was disciplined several times while attending [Grand River] and attended [Grand River] for only about one-half of the available school days between the beginning of the 2009-2010 school year and his eventual expulsion on or about November 30, 2009.

(*Id.* at ¶¶ 45-47.) It is against this backdrop that Plaintiff seeks damages based upon the alleged discrimination. (*Id.* at ¶¶ 62-65.)

More specifically, Plaintiff alleges that Defendants violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and the Americans With Disabilities Act, 20 U.S.C. Section 12132:

> in creating and/or permitting a hostile environment, in failing to protect [him] from harm, in denying [him] the opportunity to participate in or benefit from the services the defendants provide, in failing to afford [him] the opportunity to participate in or benefit from a service that is provided to non-disabled students. . .

(*Id.*) On March 17, 2010, Defendants filed a Motion to Dismiss the Complaint against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF # 13.) Plaintiff filed an

Opposition to Defendants' Motion on April 26, 2010. (ECF # 15.) On May 21, 2010, Defendants filed a Reply Brief in Support of their Motion to Dismiss. (ECF # 19.) Thus, the Motion to Dismiss has been briefed fully, and it is now ripe for disposition.

## II. DISCUSSION

In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In order to survive a motion to dismiss, a claim must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

In this case, Defendants have attached materials beyond the pleadings to their Motion to Dismiss, and they have used their Reply Brief to urge the Court to convert their Motion into a Motion for Summary Judgment. (ECF # 13, ECF # 15 at 1-2.) Although a Motion to Dismiss may be converted into a Motion for Summary Judgment if matters outside the pleadings are presented to the Court, the Court has broad discretion in determining whether to accept or to

exclude such materials. *See* Fed. R. Civ. P. 12. Here, the Court excludes the materials and declines to convert the Motion to Dismiss into a Motion for Summary Judgment. The Court finds that converting the Motion without proper notice would be unfair to Plaintiff, who argues that "the factual record must be more thoroughly developed through discovery" prior to resolving a Motion for Summary Judgment. (ECF # 15 at 8.)

In this case, Plaintiff attempts to set forth claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and the Americans With Disabilities Act, 20 U.S.C. Section 12132. (ECF # 1 at ¶¶ 62-65.) As argued in Plaintiff's Opposition to the Motion to Dismiss:

> the Court must accept as true that [Plaintiff] is a student with a disability, that he was bullied repeatedly by his peers and that [Defendants] did nothing to stop or prevent it, and in fact told [Plaintiff] that [Grand River] had its own informal rules of discipline that allowed upperclassmen to haze and punish lowerclassmen, that [Plaintiff] was treated more harshly than non-disabled students in disciplinary matters, that [Grand River] failed to get [Plaintiff] medical attention when necessary and that after less than three months, [Plaintiff] was expelled from [Grand River].

(ECF # 15 at 7.) For purposes of ruling on the present Motion, the Court must accept these allegations as true. This Court has reviewed the relevant law as well as the Complaint and finds, at this stage of the proceedings, the allegations are sufficient to proceed against Defendants. Hence, the Motion to Dismiss is DENIED (ECF # 13) without prejudice to raise these issues in a motion for summary judgment.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss filed by Defendants Grand River

and Randy Blum is DENIED. (ECF # 13.)

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: May 28, 2010